**STATE OF WEST VIRGINIA**

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* C.V.

**No. 19-0541** (Raleigh County 18-JA-86)


**MEMORANDUM DECISION**


Petitioner Mother L.V., by counsel Kris N. Kostenko, appeals the Circuit Court of Raleigh County's December 28, 2018, order terminating her custodial and guardianship rights to C.V.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher D. Lefler, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2018, the DHHR filed an abuse and neglect petition against petitioner alleging that her substance abuse affected her ability to parent and care for the child, C.V. Specifically, the DHHR alleged that petitioner admitted to abusing Xanax and heroin. Also, the DHHR alleged that petitioner was under the influence of drugs during the interview and kept "dozing off" when asked questions. Further, the DHHR alleged that the child had no stable housing, as

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not argue that the circuit court erred in terminating her custodial and guardianship rights. Therefore, the Court's review is limited to the circuit court's termination of petitioner's post-adjudicatory improvement period.

1

she stayed in the homes of various relatives due to petitioner's substance abuse. According to the DHHR, the then thirteen-year-old child reported that she performed cardiopulmonary resuscitation ("CPR") upon petitioner to revive her after an overdose. Lastly, the DHHR alleged that petitioner failed to adequately supervise the child. Later that month, petitioner waived her preliminary hearing. The circuit court ordered petitioner to undergo a psychological examination to address her parental fitness. However, petitioner never attended her evaluation.

In August of 2018, the circuit court held an adjudicatory hearing and accepted petitioner's stipulation that she neglected the child due to her substance abuse. Subsequently, petitioner was granted a post-adjudicatory improvement period. On August 16, 2018, the multidisciplinary team ("MDT") met and discussed a family case plan that required petitioner to complete an inpatient rehabilitation program. The family case plan further required petitioner to seek mental health treatment, regularly submit to drug screens, attend supervised visitation, and comply with all of the DHHR's services.[3]

On November 8, 2018, the circuit court held a status hearing regarding petitioner's improvement period. Petitioner failed to appear, but counsel represented her. The DHHR and guardian argued that petitioner made no significant progress toward completing the goals of her improvement period. The circuit court learned that petitioner had not drug screened since July of 2018, and, therefore, ordered that supervised visitations cease until petitioner submitted to drug screens. Thereafter, the DHHR filed a motion to terminate petitioner's improvement period and to proceed to disposition, arguing that petitioner failed to attend her scheduled psychological evaluation, regularly drug screen, and comply with the terms of supervised visitation. Specifically, it argued that petitioner entered an inpatient rehabilitation program on August 17, 2018, but "left against medical advice" the next day. Later that month, the circuit court held a hearing on the DHHR's motion, and the DHHR presented evidence that petitioner was noncompliant with services, failed to conduct herself appropriately during supervised visitations, failed to report to scheduled drug screens since July of 2018, and failed to enroll in an inpatient rehabilitation program. The DHHR worker testified that at the time of the filing of the petition, petitioner was allegedly participating in a methadone treatment program, but had been abusing other drugs while using methadone. She also testified that petitioner stopped taking Methadone a couple of weeks before the August 16, 2018, MDT meeting. Regarding the DHHR's general position on the use of medication-assisted treatment, the circuit court asked the following:

> [The circuit court]: I understand that the [DHHR] recognizes that medically-assisted treatment is appropriate, and if a person is enrolled or a patient is in an approved medically-assisted treatment program, then you don't stop that; is that correct?

---

[3]The record on appeal contains a blank and unsigned family case plan dated August 16, 2018. However, testimony at the dispositional hearings indicated that the plan had, in fact, been signed by the parties and filed with the circuit court.

[The DHHR]: If they are following by the services as directed.

[The circuit court]: Right. In other words, if they're in a [S]uboxone program, they're going to their counseling every week, and the program is approved— there's a list that the [DHHR] has sent out . . . . And if they are participating in that program and following the requirements of that program, then you don't stop them from that; correct?

[The DHHR]: Correct.

The circuit court continued the hearing to allow petitioner to testify and present evidence.

At the continued hearing, the circuit court reviewed drug screen reports showing that petitioner tested positive for morphine, codeine, and acetylmorphine on the date of the last hearing. Although petitioner did not testify or present any evidence, she argued that her improvement period should continue so that she could enroll in a Suboxone program. The guardian indicated that the child wanted to remain in contact with petitioner and recognized that she needed help, but wanted permanent guardianship in her current placement in light of petitioner's failure to comply with her treatment plan. The DHHR agreed with the guardian and argued that the circuit court should terminate petitioner's improvement period and terminate her custodial rights as she had not complied with any of the terms of her improvement period. Based on the evidence presented, the circuit court found that petitioner failed to comply with the terms and conditions of the family case plan, which required petitioner to complete an inpatient rehabilitation program. Further, the circuit court found that petitioner continued to test positive for illegal drugs as recently as the last hearing and failed to follow the terms of her supervised visitations with the child. Accordingly, the circuit court terminated petitioner's post-adjudicatory improvement period and terminated her custodial and guardianship rights by order entered on December 28, 2018. Petitioner now appeals that order.[4]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[4]The custodial and guardianship rights of the father as well as any "recognizable rights" of the stepfather were terminated during the proceedings below. According to the parties, the permanency plan for the child is permanent guardianship in her current foster placement.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period. According to petitioner, the circuit court should have continued her improvement period to allow her to seek "medical treatment and medical use of [S]uboxone or other like drugs to assist her in her fight against drugs."[5] We disagree.

It is the responsibility of the parent to initiate and complete all terms of the improvement period. *See* W. Va. Code § 49-4-610(4)(A). West Virginia Code § 49-4-610(7) provides that "[u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Further, it is within "the court's discretion to terminate the improvement period before the . . . time frame has expired if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996).

Petitioner provides no evidence in support of her argument that the circuit court erred by terminating her improvement period. Early in the proceedings, the circuit court ordered petitioner to attend her scheduled psychological examination. This evaluation would have provided important information to the MDT regarding petitioner's parental fitness, substance abuse, and risk assessment, yet petitioner failed to cooperate and submit to the evaluation. Further, the

---

[5]While petitioner argues that she should have been permitted to attend a medication-assisted treatment program, the family case plan required petitioner to attend an inpatient rehabilitation program rather than an outpatient medication-assisted treatment such as a methadone or Suboxone program. Notably, the record contains no evidence that petitioner requested to amend her family case plan, objected to its terms, or otherwise addressed its requirement of inpatient rehabilitation prior to her argument at the dispositional hearing. Instead, the DHHR testified that petitioner was very cooperative when she signed the plan and agreed to attend inpatient rehabilitation. Further, the record indicates that petitioner was not enrolled in a medication-assisted treatment program at the time of the creation of her family case plan and began such a program during her improvement period. Moreover, the record indicates that petitioner had not been compliant with her prior methadone treatment. As no request to attend medication-assisted treatment was made until the dispositional hearing, we find that the circuit court properly weighed the evidence of petitioner's noncompliance with the terms of her improvement period against petitioner's late request to alter her treatment plan.

record demonstrates that petitioner signed the family case plan and agreed to its terms, but failed to follow through with services. Testimony established that petitioner enrolled in a long-term inpatient rehabilitation program, but left against medical advice after one day. The record is devoid of any evidence that petitioner enrolled into another program despite the DHHR supplying her with a list of facilities to contact. Moreover, the DHHR presented evidence that petitioner failed to properly conduct herself during supervised visitations, keep in touch with the DHHR, seek mental health treatment, and regularly drug screen.

While petitioner argues that the circuit court should have allowed her more time to complete a medication-assisted treatment program, she completely ignores the fact the she failed to comply with any of the terms of her improvement period. In light of this overwhelming evidence, it is clear that the termination of her improvement period was appropriate. We have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. Accordingly, we find no error in the circuit court's termination of petitioner's improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 28, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison

5